117 F.3d 1424
 1997-2 Trade Cases P 71,918
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dino CACIPPO; Narayana Bulusu; Misra Sourjya; William
Lehrich; Horace Penso,; Camille Williams; Franklin J.
Day; Ronald Rubenstein; Fredrick McClendon dba Community
Surgery Center; Comunity Surgery Center, an unincorporated
association, Plaintiffs-Appellants,
v.
COLUMBIA/HCA HEALTHCARE CORPORATION, VENCOR INC.,; Doris
Porth, Defendants-Appellants.
 No. 96-15829.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 9, 1997.
July 3, 1997.
 
 Appeal from the United States District Court for the Northern District of California Stanley A. Weigel, District Judge, Presiding San Francisco, California
 Before: REINHARDT, T.G. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In this interlocutory appeal, we review a district court's Rule 12(b)(6) dismissal of an antitrust claim alleging unfair competition under California's Cartwright Act.[1] The Cartwright Act (Cal. Bus. and Prof.Code § 16700 et seq.) is patterned after the federal Sherman Anti-Trust Act (15 U.S.C. § 1 et seq.), and decisions under the Sherman Act are applicable to cases under the Cartwright Act. G.H.I.I. v. MTS, Inc., 195 Cal.Rptr. 211, 216 (Cal.Ct.App.1983).
 
 
 3
 We review dismissals pursuant to Fed.R.Civ.P. 12(b)(6) de novo. Smilecare Dental Group v. Delta Dental Plan, 88 F.3d 780, 782 (9th Cir.), cert. denied, 117 S.Ct. 583 (1996). Dismissal is appropriate where "the complaint states no set of facts which, if true, would constitute an antitrust offense, notwithstanding its conclusory language regarding the elimination of competition and improper purpose." Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 735 (9th Cir.1987). Moreover, California courts demand a "high degree of particularity in the pleading of Cartwright Act violations." G.H.I.I., 195 Cal.Rptr. at 216 (internal citations omitted). "[G]eneralized allegations of civil antitrust violations are usually insufficient and the unlawful combination or conspiracy must be alleged with specificity." Id. (citations omitted)
 
 
 4
 The agreement between Columbia and Vencor "does not fit easily within the limits of previously recognized per se categories" and does not "facially [appear] to be one that would always or almost always tend to restrict competition and decrease output." Cascade Cabinet Co. v. Western Cabinet & Millwork, Inc., 710 F.2d 1366, 1371 (9th Cir.1983) (quotations and citations omitted) (emphasis added). Therefore, we agree with the district court's view that if the antitrust claim is to survive scrutiny under Rule 12(b)(6), it must do so under the "rule of reason test." See id. at 1373.
 
 
 5
 To establish that a restraint of trade is "unreasonable," a plaintiff must "show that the defendant plays enough of a role in [a particular] market to impair competition significantly." Bhan v. NME Hospitals. Inc., 929 F.2d 1404, 1413 (9th Cir.1991) (citing Jefferson Parish Hosp. Dist. No. 2 v. Hyde, 466 U.S. 2, 29 (1984)). The rule of reason requires proof of a relevant market and proof of injury to competition, not just one competitor, within a market. Gough v. Rossmoor Corp., 585 F.2d 381, 389 (9th Cir.1978). See also Rutman Wine Co., 829 F.2d at 735 ("The antitrust laws are not designed to guarantee every competitor [and certainly not every potential competitor] tenure in the marketplace.").
 
 
 6
 This circuit recognized long ago that Section 1 of the Sherman Act "does not concern itself with all injuries suffered by a competitor through unfair or overzealous competition ... [because those] injuries are generally matters for state law." Gough, 585 F.2d at 386. And, as we have explained more than once:
 
 
 7
 Proof that the defendant's activities had an impact upon competition in a relevant market is an absolutely essential element of the rule of reason case. It is the impact upon competitive conditions in a definable market which distinguishes the antitrust violation from the ordinary business tort. [The] failure to allege injury to competition is a proper ground for dismissal by judgment on the pleadings.
 
 
 8
 McGlinchy v. Shell Chemical Co., 845 F.2d 802, 812-13 (9th Cir.1988) (quotations and citations omitted) (emphasis added).
 
 
 9
 Given that an antitrust plaintiff asserting an unreasonable restraint of trade must be able to prove "market power," it is axiomatic that they must, in the first instance, plead "market power." See, e.g., Smilecare, 88 F.3d at 783 (complaint contained adequate allegation of market power). "[I]n the health industry ... [it is generally accepted that] hospitals within thirty minutes traveling time of each other compete for patients." Bhan, 929 F.2d at 1407.
 
 
 10
 Here, the second amended complaint contains no allegation of either Vencor's or Columbia's "market power" in the San Leandro area. Instead, plaintiffs' allegations are characteristic of an "ordinary business tort" and their remedy lies in their cause of action based on intentional interference with prospective business advantage under California law.
 
 
 11
 The district court's dismissal of the antitrust claim under the Cartwright Act was correct.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We do not address the issues of standing or the timeliness of this appeal, because we find those arguments meritless